UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GLENN CARTER,

v.

DONALD HULICK, et al.

No. 07 C 5937
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

The petitioner, Glenn Carter, is serving a sentence of thirty years for predatory criminal sexual assault of a child. He was found guilty of this and related offenses in a bench trial in the Circuit Court of Cook County. He seeks the writ of habeas corpus and raises one significant attack on his conviction. That is, the discovery, after trial, that the victim, a young girl, had medical complications after the incident which were the subject of the conviction. At the very least, she was "heavily medicated" presumably during trial. This issue was raised and litigated in the state courts at the trial and appellate level and raised in a petition for leave to appeal, which was denied by the Supreme Court of Illinois. State court remedies have been exhausted.[1]

The Appellate Court noted that "defendant does not dispute that he and the State learned [of the medical consequences of the incident] in a victim impact statement written by complainant's mother that the complainant K.L. 'suffers from severe depression, insomnia and anxiety attacks. She is also heavily medicated and has been since the beginning of this ordeal.'"

K.L.'s prescription history included Seroquel, Trilafon and Zoloft. Because the prosecution did not know of this, the literal application of the rule in *Brady v. Maryland*, which

---

[1] There is one clearly defaulted argument, that is, K.L.'s brother (who was also a witness to the offense) was also taking psychotropic medication. T.L.'s use of medication was not claimed to be a violation of *Brady* in the Appellate and Supreme Courts.

has been embodied in state law for decades, is not available to Petitioner here. Instead he relies here, as he did in state court, on the proposition that the prosecution had constructive knowledge of the victim's mental state and use of medication. Constructive knowledge is usually applied when a prosecutor does not have actual knowledge, but the police and other law enforcement, *who work regularly with the prosecution,* do have actual knowledge. *See Kyles v. Whitley*, 514 U.S. 419 (1995).

The Appellate Court, following Illinois precedent, found that a victim in a criminal case is not under the control of the prosecution and obviously does not routinely work with the prosecution. It also cited federal precedent for the proposition that prosecutors do not have a duty to investigate the mental health records of a witness. Illinois courts adopt the rule that courts should permit a defendant to discover a witness's mental health history if there is reasonable cause to do so. *People v. Plummer*, 318 Ill.App.3d 268 (2000). The Appellate Court concluded that it is for the defendant to seek discovery of the mental health records of a witness and to seek a court ruling if the State resists the discovery.

The point was vigorously pressed by Petitioner in his direct appeal and in his petition for leave to appeal. Everything presented in his petition here was presented or could have been presented in state court except for one item. That is the affidavit of Petitioner's brother, which states that the victim's mother told him that she had told police investigators that her daughter was mentally ill and had been taking psychotropic medication. The affidavit also states that the victim's mother told him that she did not believe that Petitioner was guilty because K.L. had a history of making up sexual encounters. This affidavit is signed on April 5, 2008 which is about three weeks after the Warden filed his response to the petition for the writ. The alleged

2

conversation with K.L.'s mother occurred in April of 2005, when the case was still pending before the state courts. Yet the conversation was never brought up in those proceedings which did not conclude until November of 2006. No post-conviction petition was filed. Petitioner's right to rely on this affidavit is forfeited.[2]

So Petitioner is left with the only approach allowed by law. When he lost his case in state court, he cannot simply argue that the state court was wrong. He has to show[3] that the decision was either contrary to or an unreasonable application of clearly established United States Supreme Court precedent or was premised on an unreasonable determination of fact. This is the rule laid down by Congress. 28 U.S.C. §2254 (d)(1) and (2). The Supreme Court has explained that it is not enough for the petitioner to show that the state court decision was wrong, incorrect or badly written; the decision of the state court must be objectively unreasonable. *Early v. Packer*, 537 U.S. 3 (2002); *Yarborough v. Gentry*, 540 U.S. 1 (2003).

In this case, there was no disagreement in the state court about the facts, the argument was whether or not *Brady* was violated. It seems implicit that the state court properly assumed that the evidence in question was material and, at least, possibly favorable[4] to the defense and not

---

[2] I note, but do not rely upon, the obvious disconnect between the victim impact statement K.L.'s mother filed and the alleged statement that she disbelieved her own daughter on the question of whether a sexual encounter even occurred.

[3] The petitioner must prove he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).

[4] The Warden argues that counseling and medication might be favorable to the prosecution by showing the witness's rationality was improved, and the Warden urges that the trial transcript shows K.L. demonstrated good memory and the ability to recount events and was corroborated. I do not rest my decision on this point since I do not find that these contentions were ever ruled upon by the Appellate Court.

3

known to Petitioner in time for him to use it at trial. At issue was whether the prosecution failed to disclose known evidence, which evidence was not otherwise available to Petitioner. The state court found that the prosecution did not know and could not be constructively deemed to have known.

The core of the Appellate Court ruling is that the prosecution is not required to investigate the mental history of its witnesses and, in the absence of actual knowledge of mental history, it cannot be in violation of its duty to disclose. A state court that so decides has rendered a judgment which is within the realm of reason. *See Lavallee v. Coplan*, 374 F.3d 41 (1st Cir. 2004). Moreover, there is no United States Supreme Court decision that requires a prosecutor to investigate a witness's post-occurrence use of psychotropic drugs and disclose relevant findings. The witness is not part of the prosecution team and does not act on behalf of the prosecution. *See Kyles,* 514 U.S. at 437. There is no clearly established federal law requiring the result which Petitioner asks for in this case.

The petition for a writ of habeas corpus is, accordingly, denied.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: September 29, 2008

4